Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| *In re*: ) | |
| ) | |
| GERALD L. SCHULTZE and ) | |
| JOYCE E. SCHULTZE,  , ) | Case No. 18-bk-00363 |
| ) | |
| Debtors. ) | Chapter 7 |
| _____) | |

## MEMORANDUM OPINION

Pending before the court is the Chapter 7 trustee's objection to the exemption under W. Va. Code § 38-10-4(a) claimed by Gerald L. Schultze, the co-debtor husband in the above-captioned case, as a life estate in the real property constituting the residence of the Debtors. According to the trustee, Mr. Schultze does not possess an ownership interest in the subject property such that he cannot claim an exemption therein. Mr. Schultze argues that the deed reserving to him a life estate in the property provides him with an exemptible interest.

For the reasons stated herein, the court will enter a separate order overruling the trustee's objection.

### I. BACKGROUND

In 2001, Joyce Patterson, who became Joyce Schultze after her marriage to Mr. Schultze in 2005, obtained the subject property. From then until 2015 she was the sole owner thereof. On August 19, 2015, Mr. and Mrs. Schultze executed a deed containing the following language:

> THIS DEED, made this 19th day of August, 2015, by and between Joyce E. Patterson n/k/a Joyce E. Schultze, married, hereinafter referred to as "Party of the First Part," (RESERVING UNTO HERSELF AND HER HUSBAND, GERALD SCHULTZE, A LIFE ESTATE INTEREST RESPECTIVELY) and Michael P. Patterson, hereinafter referred to as "Party of the Second Part."
>
> WITNESSETH: That for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, the said Party of the First Part, RESERVES UNTO HERSELF AND HER HUSBAND, GERALD SCHULTZE, A LIFE ESTATE INTEREST RESPECTIVELY, and does hereby Grant and Convey, with covenant of

        GENERAL WARRANTY, and subject to the life estates reserved herein, unto the Party of the Second Part, the following described property . . . .

This language is followed by a description of the property where the Debtors reside.

On April 19, 2018, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. At that time, the Debtors valued their interest in the subject property at $50,000 and claimed exemptions in the full amount using what is commonly known as the "Homestead Exemption".[1] On June 26, 2018, the trustee filed an objection to the $25,000 exemption claimed by Mr. Schultze on the basis that Mr. Schultze did not possess an ownership interest in the property.

## II.   ANALYSIS

The issue pending before the court is whether, under West Virginia law, the reservation of a life estate in a previous non-owner gives that individual a property interest in the absence of language granting or conveying an interest. The trustee argues that such a transfer is ineffective, and Mr. Schultze's claimed exemption is improper. The Debtors argue that Mr. Schultze holds a property interest entitling him to the claimed exemption.

The trustee contends that Mr. Schultze has no exemptible property interest because the language in the deed purportedly reserving to Mr. Schultze a life estate is not granting language and therefore does not properly effect a transfer of property from Mrs. Schultze to Mr. Schultze. The trustee cites English common law for authority that only an owner, not a stranger to a deed, can benefit from a reservation. The trustee's argument seems to be that, because Mr. Schultze did not have an ownership interest in the property before the deed's execution, and because there is no language in the deed itself that specifically grants or conveys an ownership interest to Mr. Schultze, the language reserving a life estate is ineffective.

The Debtors argue that Mr. Schultze has a property interest that entitles him to an exemption. In the Debtors' view, under West Virginia law, no specific words are necessary to convey a property interest if language indicates an intention to do so. The Debtor's assert that, because the language reserving to Mr. Schultze a life estate manifests Mrs. Schultze's intention to convey to him a life estate, a transfer of the property was properly effected.

At English common law, a reservation could not be made in favor of a stranger to the deed. *Erwin v. Bethlehem Steel Corp.*, 134 W. Va. 900, 909 (1950) (citing *Beardslee v. New Berlin Light*

---

[1] W. Va. Code § 38-10-4(a) entitles each Debtor to exempt from property of the estate $25,000 for real estate used as a principal residence.

*& Power Co.*, 207 N.Y. 34, 39 (1912) ("It is elementary law, stated in every text book on the subject, that a reservation or exception in favor of a stranger to a conveyance is void or inoperative."). As the trustee correctly points out, by statute, West Virginia has adopted the common law of England as the law of this state. W. Va. Code § 2-1-1. Specifically, English common law shall continue in full force except to the extent that, among other instances, it is altered by the state legislature. *Id*.

Notably, the West Virginia legislature has altered the English common law with respect to land conveyance. Specifically, W. Va. Code § 36-3-4 provides:

> Any instrument which shows on its face a present intent to pass the title to, or any interest, present or future, in real property, shall, if properly executed and delivered, be given effect according to its manifest intent. No instrument purporting to convey land, or any interest therein, shall fail of effect merely for lack of conformity with the language of sections five, six, seven, eight or nine of this article.

Section five provides an example of the form a deed may take. It states that: "A deed may be made in the following form, or to the same effect: 'This deed made the . . . day of . . . , in the year . . . , between (here insert names of parties), witnesseth: That in consideration of (here state the consideration), the said . . . ***grants*** unto the said . . . .'" W. Va. Code § 36-3-5. (emphasis added). Construing these two sections together, a deed need not contain specific granting language to pass a future interest in property, so long as the grantee's intention can be discerned from the face of the document. Indeed, this was the holding in *Meadows v. Belknap*, 199 W. Va. 243, 248 (1997). In that case, a husband owned property that he conveyed to his daughters, but reserved a life estate for his wife, who was not an owner, and himself. *Id*. There the court found that "the reservation clause *unambiguously* reveals that the intent of Mr. Perrine was that of creating a life estate in the property for himself and for Mrs. Perrine." *Id*. at 248.

In this case, it is clear from the face of the document that Mrs. Schultze intended to convey a life estate to Mr. Schultze. Mrs. Schultze manifested this intention by inserting language in the deed in all caps, reserving for herself and her husband a life estate. The fact that the language Mrs. Schultze used to convey the property was by reservation rather than grant is immaterial because her intentions were clear. Considering that Mrs. Schultze made a proper conveyance to Mr. Schultze, Mr. Schultze holds a property interest that entitles him to the homestead exemption he claimed.

## III. CONCLUSION

For the reasons stated herein, the court will enter a separate order overruling the trustee's objection to Mr. Schultze's homestead exemption.